AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Carlo Calandriello, OSB No. 04254
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Internet email Address: carlo.calandriello@co.multnomah.or.us
  Of Attorneys for Defendants Multnomah County,
  Sergeant Steven Pina, Officer James Kessinger and
  Sheriff Bernie Giusto

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MISHA COOPER,** | Civil No. CV'07-1014  PK |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| **MULTNOMAH COUNTY, SERGEANT STEVEN PINA, OFFICER JAMES KESSINGER, JOHN DOES 1-2, SHERIFF BERNIE GIUSTO** | |
| Defendants. | |

TO: Judges of the United States District Court for the District of Oregon;
   Administrator of the Circuit Court of the State of Oregon for the County of Multnomah;
   Misha Cooper, plaintiff and her attorney, Benjamin Haile

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 USC §§1441 and 1446, Defendants Multnomah County, Sergeant Steven Pina, Officer James Kessinger and Sheriff Bernie Giusto hereby remove to this Court the case now pending in Multnomah County Circuit Court as *Misha Cooper v. Multnomah County, Sergeant Steven Pina, Officer James Kessinger, John Does 1-2, Sheriff Bernie Giusto*, Case No. 0706-07317. All defendants join in this removal.

Page 1 – NOTICE OF REMOVAL

As grounds for removal, Defendants Multnomah County, Sergeant Steven Pina, Officer James Kessinger and Sheriff Bernie Giusto respectfully give Notice of Removal as follows:

NOTICE OF REMOVAL IS TIMELY AND ALL DEFENDANTS JOIN IN THE REMOVAL

1.  On or about June 25, 2007, this action was commenced against defendants in the Circuit Court of the State of Oregon for the County of Multnomah, entitled *Misha Cooper v. Multnomah County, Sergeant Steven Pina, Officer James Kessinger, John Does 1-2, Sheriff Bernie Giusto*, Case No. 0706-07317. Defendants Multnomah County, Officer James Kessinger and Sheriff Bernie Giusto were served with the Summons and Complaint on July 5, 2007. Counsel for defendants has agreed to accept service on behalf of Defendant Sergeant Steven Pina. Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served on defendants are attached as Exhibit "A". Additionally, the Acceptance of Service for Sergeant Pina is attached as Exhibit "B"

2.  This Notice of Removal is timely filed under 28 USC § 1446 (b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service or otherwise, the initial pleading.

3.  All defendants join in this removal. Copies of defendants' Summons are included in Exhibit A.

4.  No further proceedings have been had in the Circuit Court of Multnomah County, Oregon, as of the date of filing of this removal.

REMOVAL TO THIS DISTRICT IS PROPER

5.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the above-captioned state court action to this court is appropriate.

Page 2 – NOTICE OF REMOVAL

6. Pursuant to 28 USC § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

7. The defendants are providing to the plaintiff written notice of the filing of this Notice of Removal. Furthermore, the defendants are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Multnomah County, Oregon, where the action is currently pending.

DATED this 12th day of July, 2007.

> Respectfully submitted,
>
> AGNES SOWLE, COUNTY ATTORNEY
> FOR MULTNOMAH COUNTY, OREGON
>
> *Carlo Calandriello*
> Carlo Calandriello, OSB No. 04254
> Assistant County Attorney
>   Of Attorneys for Defendants Multnomah County
>   Sergeant Pina, Office Kessinger and Sheriff Giusto

Page 3 – NOTICE OF REMOVAL

**CERTIFIED TRUE COPY**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MISHA COOPER,

                  Plaintiff,

v.

MULTNOMAH COUNTY, SERGEANT
STEVEN PINA, OFFICER JAMES KESSINGER,
JOHN DOES 1-2, SHERIFF BERNIE GUISTO.

                  Defendant.

Case No. 0706-07316

**SUMMONS**

To:    Multnomah County
        C/o Agnes Sowle
        Multnomah County Attorney
        501 SE Hawthorne Blvd. ~~Suite 500~~
        Portland OR 97214

    You are required to appear and defend the complaint filed against you in this matter within thirty (30) days from the date of service of this summons upon you. If you fail to do so, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.
    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

                                    _____
                                    BENJAMIN HAILE
                                    Oregon State Bar # 04066
                                    Of Attorneys for Plaintiff(s)

STATE OF OREGON, County of Multnomah) ss.
    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action. I hereby declare that the above is true to the best of my knowledge and belief. I understand that this document is made for use as evidence in court and is subject to penalty of perjury.

                                    _____
                                    Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:
    You are directed to serve a true copy of this summons, together with a true copy of the complaint, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed. You are further directed to make your proof of service on the reverse side of this summons or upon a separate similar document which you shall attach to this summons.

**Haile Greenwald LLP**
Attorneys for Petitioner(s)
620 SW Main, Suite 616
Portland, Oregon 97205
Telephone: (503) 224-3240
FAX: (503) 223-4518

                                    _____
                                    Attorney for Plaintiff

Exhibit A
1 of 13

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

CERTIFIED TRUE COPY
*BWH*

MISHA COOPER,

                   Plaintiff,

v.

MULTNOMAH COUNTY, SERGEANT
STEVEN PINA, OFFICER JAMES KESSINGER,
JOHN DOES 1-2, SHERIFF BERNIE GUISTO.

                   Defendant.

Case No. 0706-07316

**SUMMONS**

To:    Officer James Kessinger
        Multnomah County Detention Center
        1120 SW Third Ave.
        Portland, OR 97204

You are required to appear and defend the complaint filed against you in this matter within thirty (30) days from the date of service of this summons upon you. If you fail to do so, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
BENJAMIN HAILE
Oregon State Bar # 04066
Of Attorneys for Plaintiff(s)

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action. I hereby declare that the above is true to the best of my knowledge and belief. I understand that this document is made for use as evidence in court and is subject to penalty of perjury.

_____
Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:

You are directed to serve a true copy of this summons, together with a true copy of the complaint, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed. You are further directed to make your proof of service on the reverse side of this summons or upon a separate similar document which you shall attach to this summons.

**Haile Greenwald LLP**
Attorneys for Petitioner(s)
620 SW Main, Suite 616
Portland, Oregon 97205
Telephone: (503) 224-3240
FAX: (503) 223-4518

_____
Attorney for Plaintiff

Exhibit A
2 of 13

*H D & S County attorney*
*7/5/07 - 11:30 am*
*RM*

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MISHA COOPER,

                Plaintiff,

v.

MULTNOMAH COUNTY, SERGEANT
STEVEN PINA, OFFICER JAMES KESSINGER,
JOHN DOES 1-2, SHERIFF BERNIE GUISTO.

                Defendant.

Case No. 0706-07317

SUMMONS

To:     Sheriff Bernie Guisto
        Suite 350 (c/o Kathryn Moyer)
        501 SE Hawthorne Blvd. ~~Suite 500~~
        Portland OR 97214

    You are required to appear and defend the complaint filed against you in this matter within thirty (30) days from the date of service of this summons upon you. If you fail to do so, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

                                */s/ Benjamin Haile*
                                BENJAMIN HAILE
                                Oregon State Bar # 04066
                                Of Attorneys for Plaintiff(s)

STATE OF OREGON, County of Multnomah) ss.
    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action. I hereby declare that the above is true to the best of my knowledge and belief. I understand that this document is made for use as evidence in court and is subject to penalty of perjury.

                                */s/ Benjamin Haile*
                                Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:
    You are directed to serve a true copy of this summons, together with a true copy of the complaint, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed. You are further directed to make your proof of service on the reverse side of this summons or upon a separate similar document which you shall attach to this summons.

**Haile Greenwald LLP**
Attorneys for Petitioner(s)
620 SW Main, Suite 616
Portland, Oregon 97205
Telephone: (503) 224-3240
FAX: (503) 223-4518

                      */s/ Benjamin Haile*
                      Attorney for Plaintiff

Exhibit A
3 of 13

JUN 2 5 2007

CERTIFIED TRUE COPY

BWHBWN

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MISHA COOPER, | Case No.: 0706-07317 |
| vs. | COMPLAINT FOR NEGLIGENCE, FAILURE TO TRAIN IN VIOLATION OF CONSTITUTIONAL RIGHTS |
| MULTNOMAH COUNTY, SERGEANT STEVEN PINA, OFFICER JAMES KESSINGER, JOHN DOES 1-2, SHERIFF BERNIE GUISTO, | CLAIM NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendants | |

## INTRODUCTION

1.

On or about May 1, 2006 Misha Cooper (hereinafter Ms. Cooper), a mentally ill inmate at the Multnomah County Detention Center, was sexually assaulted by DeRay Willis, a male inmate. As a result of a security lapse, DeRay Willis secretly entered Ms. Cooper's cell where he hid for approximately two hours. While DeRay Willis was inside Ms. Cooper's cell, he sexually assaulted her.

## THE PARTIES

2.

At all material times, the plaintiff, Ms. Cooper, was a mentally ill inmate confined at the Multnomah County Detention Center (hereinafter MCDC), located at 1120 SW Third Ave., Portland, OR 97204.

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 1

3.

At all material times, Officer James Kessinger (hereinafter Officer Kessinger), was employed by the Multnomah County Sheriff's Office (hereinafter MSCO) and worked at MCDC.

4.

At all material times, Sergeant Steven Pina (hereinafter Sergeant Pina), was employed by MSCO and worked at MCDC.

5.

At all material times, John Doe 1, was employed by MSCO and worked at MCDC.

6.

At all material times, John Doe 2, was employed by MSCO and worked at MCDC.

4.

MCDC is a division of Defendant County of Multnomah (hereinafter County) operated by MCSO.

5.

Defendant County is a municipal entity, organized under the laws of the State of Oregon with the capacity to sue and be sued. The County is the legal and political entity responsible for the actions of Multnomah County Sheriff Deputies and its officials at MCDC. Multnomah County Sheriff's Office is a department of County government of Defendant County and is the lead agency responsible for the deprivation of Ms. Cooper's constitutional rights. The County is sued in its own right and on the basis of the acts of its officials, agents, and employees, which were taken pursuant to improper training policies.

6.

Multnomah County Sheriff Bernie Guisto (hereinafter Sheriff Guisto) is the head of MCSO and is sued in his official capacity. Sheriff Guisto is the general manager of MCSO and

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 2

Exhibit A
5 of 13

is responsible for its administration, operation, and training. At all times relevant herein, Sheriff Guisto was acting under color of state law.

7.

At all times mentioned herein Officer Kessinger, Sergeant Pina, John Doe 1 and John Doe 2 were acting in their individual capacities pursuant to authority delegated or conferred by named Defendant and, in doing or failing to do the things complained of, were acting within the scope of that authority and under color of law.

## THE FACTS

8.

On or about May 1, 2006 Ms. Cooper was in the custody of MCDC. Ms. Cooper was being held in the administrative segregation unit due to severe mental illness.

9.

On or about May 1, 2006 DeRay Willis (hereinafter Mr. Willis), a male inmate at MCDC, was also in administrative segregation. Mr. Willis was placed in administrative segregation because he had attempted to escape by making a homemade mannequin.

10.

The administrative segregation unit consists of five isolation cells that are all in a straight row on the same floor. There are two locations where the officers can observe the inmates. One location is next to the controls that open and close the doors to the cells. The other location is some distance from the controls.

11.

The conditions in the administrative segregation unit posed a substantial risk of serious harm to inmates housed there.

/// /// ///

/// /// ///

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 3

12.

On or about the morning of May 1, 2006 Officer Kessinger let Mr. Willis out for a brief walk. In order to close his cell door after the walk, Officer Kessinger followed the procedure and walked to the control panel, where he temporarily lost sight of Mr. Willis.

13.

Next, Officer Kessinger let a second inmate, Mr. Quinn, out for a brief walk.

14.

Finally, Officer Kessinger let Ms. Cooper out for a brief walk. When Ms. Cooper returned to her cell, Officer Kessinger closed her cell.

15.

At approximately 9:00 a.m., when Ms. Cooper returned to her cell, Mr. Willis entered her cell. He remained in her cell for approximately two hours. While Mr. Willis was locked inside Ms. Cooper's cell, he sexually assaulted her.

16.

On or about May 1, 2006, Corrections policy required that there be safety checks every half hour.

17.

At approximately, 9:05 a.m., Sergeant Pina reported that he conducted a safety check.

18.

At approximately 11 a.m. Mr. Willis rang Ms. Cooper's call button to report he was finished and ready to go back to his cell. As a result of the call, the Sheriff Deputies learned Mr. Willis had hidden inside Ms. Cooper's closed cell for approximately two hours.

19.

From the time Mr. Willis left his cell and the time his escape was discovered, there should have been at least five safety checks.

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 4

20.

Mr. Willis admitted having sexual relations with Ms. Cooper during the time he was hidden in her cell.

21.

At this point, the Sheriff Deputies discovered that Mr. Willis had placed extra bedding in the shape of a body under his blanket in his cell.

## THE CLAIMS

### FIRST CLAIM FOR RELIEF (All Defendants):
### Negligence

22.

Paragraphs 1 through 21 are incorporated by reference herein.

23.

Defendants received timely notice of potential claims by Plaintiff against them arising out of events on or about May 1, 2006 in compliance with ORS 30.275.

24.

The County by and through Teresa Gooley with Farrell & Associates Insurance Services acknowledged receipt of notice of potential claims on August 28, 2006.

25.

Agents and authorities of Defendants received actual notice of the incident and injuries giving rise the claims herein at the time of or shortly after their occurrence.

26.

Defendant Multnomah County, through the actions of one or more of its MCDC employees, or other unknown personnel, agents, employees had a duty to protect inmates from sexual abuse while they were confined in the custody of MCSO.

/// /// ///

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 5

27.

Defendants breached the duty to protect Plaintiff by a security lapse which allowed a male inmate to hide in Plaintiff's cell where he sexually assaulted Plaintiff.

28.

Defendants knew or should have known that any such security lapse allowing unsupervised joint confinement between a male and female inmate would directly result in Plaintiff being sexually assaulted.

29.

As a direct and proximate result of this negligence, Plaintiff was sexually assaulted. As a result of such sexual assault, plaintiff suffered noneconomic damages in the form of severe anxiety, humiliation, mental anguish and depression.

**SECOND CLAIM FOR RELIEF (County)**
**42 U.S.C. §1983 Official Municipal Policy**

30.

Paragraphs 1 through 21 are incorporated by reference herein.

31.

At all times herein the County had an official policy, custom or practice which allowed inadequate security measures at MCDC.

32.

As a result of the official policy, custom or practice of the County to engage in deficient and inadequate security measures at MCDC, the inmates at MCDC were at risk of violence due to security breaches.

/// /// ///

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

33.

Among the inadequate security measures employed by MCDC, which caused injury to Ms. Cooper were (a) an inadequate procedure for closing cell doors because it did not allow Sheriff's Deputies to view the cell or cell door during the entire procedure, (b) an inadequate procedure for conducting safety checks to see whether inmates were in their assigned cells because the Sheriff's Deputies lacked coordination among themselves, and (c) an inadequate method to notify Sheriff's Deputies when an inmate posed a specific risk, such as a flight risk.

34.

As a result of the official policy, custom or practice of the County to engage in deficient and inadequate security measures at MCDC, Plaintiff was deprived of her Eighth Amendment rights to be free from cruel and unusual punishment.

### THIRD CLAIM FOR RELIEF (County)
### 42 U.S.C. §1983 Failure to Train

35.

Paragraphs 1 through 21 are incorporated by reference herein.

36.

At all times herein the individual Defendants were employed by the County and engaged in deficient and inadequate security measures at MCDC, which were well known to other members of MCSO, including shift sergeants and management staff.

37.

The County, by and through MCSO, has an inadequate policy of training Sheriff's Deputies regarding security measures at MCDC.

38.

The County's policy of deficient and inadequate training of Sheriff's Deputies constitutes an official municipal policy. The County has been deliberately indifferent to the need for stricter

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 7

security measures. County officials were subjectively aware of the risk of injury to inmates in the administrative segregation unit.

39.

As a direct and proximate result of the County's deficient and inadequate training of Sheriff's Deputies, the Plaintiff was deprived of her Eighth Amendment rights to be free from cruel and unusual punishment.

40.

As a direct, proximate, and foreseeable result of the violation of the Plaintiff's constitutional rights, the Plaintiff suffered the physical and emotional injuries and humiliation described above.

**FOURTH CLAIM FOR RELIEF**
**Supervisory Liability: Sergeant Pina**

41.

Paragraphs 1 through 21 are incorporated by reference herein.

42.

At all times herein, Sergeant Pina was a supervisor on duty with MCSO at MCDC.

43.

On or about May 1, 2006 Sergeant Pina assisted with the deficient security check which resulted in Plaintiff's injuries. Sergeant Pina was objectively aware of a danger to inmates in the administrative segregation unit. He was deliberately indifferent to the security needs of inmates at MCDC by employing inadequate security measures.

44.

As a direct and proximate result of Sergeant Pina's deliberate indifference, the Plaintiff was deprived of her Eighth Amendment rights to be free from cruel and unusual punishment.

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

COMPLAINT- 8

Exhibit A
11 of 13

45.

As a direct, proximate, and foreseeable result of the violation of the Plaintiff's constitutional rights, the Plaintiff suffered the physical and emotional injuries and humiliation described above.

## ALL COUNTS

46.

Plaintiff is entitled to an award of attorneys fees and costs, pursuant to 42 U.S.C. §1988.

47.

Plaintiff suffered non-economic damages in the amount of $150,000 from the emotional distress, humiliation, embarrassment and fear.

48.

Plaintiff intends to demand punitive damages in the amount of $200,000.

49.

The Circuit Court of the State of Oregon for the County of Multnomah has jurisdiction of the all the above listed causes of action arising under federal and state law as a court of general jurisdiction.

50.

Plaintiff requests a trial by a jury of her peers on her claims for relief.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

1. Findings and Orders against Officer Kessinger, Sergeant Pina, and John Doe 1 – 2, that they violated the protected constitutional rights of Plaintiff, causing her non-economic damages;

Haile Greenwald, LLP
620 SW Main Street, Suite 616
Portland, Oregon 97205

    2. Findings and Orders that the County policies were defective as applied and caused Constitutional deprivations to be suffered by Plaintiff and injunctive relief is required to prevent recurring violations;

    3. An award of noneconomic damages in an amount of $ 150,000;

    4. Plaintiff's costs, disbursements and attorney fees.

    5. Such other and further relief, including all appropriate equitable relief, as the Court may deem proper and just.

Dated this 25 day of June, 2007.

/s/ *Leah Greenwald*  
_____  
Leah Greenwald, OSB 04297  
Haile Greenwald, LLP

/s/ *Benjamin Haile*  
_____  
Benjamin Haile, OSB 04066  
Haile Greenwald, LLP

Haile Greenwald, LLP  
620 SW Main Street, Suite 616  
Portland, Oregon 97205

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MISHA COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY, SERGEANT STEVEN PINA, OFFICER JAMES KESSINGER, JOHN DOES 1-2, SHERIFF BERNIE GIUSTO,<br><br>    Defendants. | Civil No. 0706-07317<br><br>ACCEPTANCE OF SERVICE FOR DEFENDANT SERGEANT PINA |

I, Carlo Calandriello, hereby accept service of the Summons and Complaint herein on behalf of Defendant Sergeant Pina.

DATED this 11th day of July, 2007.

AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

*Carlo Calandriello*
Carlo Calandriello, OSB No. 04254
Assistant County Attorney
    Of Attorneys for Defendants

Page 1 – ACCEPTANCE OF SERVICE FOR DEFENDANT SERGEANT STEVEN PINA

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138  Fax (503) 988-3377
E-mail: carlo.calandriello@co.multnomah.or.us

Exhibit B
17 of 2

OFFICE COPY

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007, I served the foregoing **ACCEPTANCE OF SERVICE FOR DEFENDANT SERGEANT STEVEN PINA** on:

Benjamin Haile
Haile Greenwald, LLP
620 SW Main, Suite 616
Portland, OR 97205

by the following method or methods as indicated:

( X )   by **mailing** to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

(   )   by causing a true copy thereof to be **hand delivered** to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

(   )   by mailing via **certified mail, return receipt requested**, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

(   )   by **facsimile** to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

_____
Ona Davis
Paralegal

Page 2 – CERTIFICATE OF SERVICE

Exhibit B
2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2007, I served the foregoing **NOTICE OF REMOVAL** on:

Benjamin Haile
Haile Greenwald, LLP
620 SW Main, Suite 616
Portland, OR 97205

by the following method or methods as indicated:

( X )    by **mailing** to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

(  )    by causing a true copy thereof to be **hand delivered** to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

(  )    by mailing via **certified mail, return receipt requested**, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

(  )    by **facsimile** to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

_/s/ Ona Davis_
Ona Davis
Paralegal

Page 4 – CERTIFICATE OF SERVICE